# Rieke v. Kentucky Utilities Company.

(Decided November 26, 1929.)

EATON & BOYD for appellant.

WHEELER & HUGHES and GORDON & LAURENT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Alleging that he, as trustee for the Maple Lawn Park Cemetery, was the owner of certain real estate on the south side of North Thirteenth street in the city of Paducah, and that the Kentucky Utilities Company had placed thereon some 8 or 10 poles carrying its electric wires, and had trimmed and mutilated certain trees on the land, Charles C. Rieke, trustee of the Maple Lawn Park Cemetery, brought this action on behalf of the company and the numerous lot owners in the cemetery to recover $3,500 damages, and to enjoin further trespass. The defendant denied plaintiff's title, pleaded title in the city, and authority from the city to enter on the land. A trial before a jury resulted in a verdict for defendant. Plaintiff appeals.

Appellant's right to recover depends on his ownership of the strip of ground on which the trespass was committed, and it may be doubted if the evidence of ownership was sufficient to take the case to the jury. Clearly, it cannot be said that the finding of the jury was flagrantly against the evidence.

The admission of incompetent evidence is relied on as a ground for reversal. It is first insisted that what is known in the evidence as the "brown map" should have been excluded from the jury. It seems that the brown plat was first presented to appellant's witness, Mr. Sullinger, who testified that he started from Deed Book U and found the plat. After discussing the plat the witness was asked if he knew whether or not it was a correct copy of the plat. On replying in the negative, appellant's counsel asked that the court exclude the plat from the record. Afterwards Mr. Rumsey Bradshaw, commissioner of public works of Paducah, was permitted to testify from the plat. The deed under which appellant claims title describes one of the tracts conveyed as "being a part of the Jane L. Jones tract of land laid off into lots and blocks by G. L. and R. L. Jones, a plat of which is on record in the McCracken County Clerk's office, in deed book U, page 59." In describing another tract it uses the following language: "Known as part of a tract adjoining and near the city of Paducah, and heretofore known as the J. L. Jones tract lying on the Cairo Road, and which has been divided into lots and blocks as is shown by plat made by James Harrington, City Engineer, which is of record in the McCracken County Clerk's office and described as follows:" On the plat in question is the following: "Plat of the subdivision of the land of G. L. and R. L. Jones adjoining Paducah, Kentucky, surveyed February 16, 1870, by James Harrington." As the deed under which appellant holds refers to the Harrington plat, and as the brown map, which purports to be a copy thereof, was identified by appellant's witness, and has the appearance of an ancient document, we are not disposed to hold that its admission was prejudicial when it was not shown or even claimed to be incorrect.

It is further contended that the blue map filed with the testimony of the witness, Ferriman, should not have been admitted. The basis of this contention is that neither the map nor the measurements indicated thereon were made by the witness. Ferriman testified that he made 30 per cent of the measurements himself; that he checked the other measurements and caused the plat to be made under his supervision. In the circumstances the plat was admissible; it being the province of the jury to give it such weight as it deemed proper.

702

Another contention is that the court erred in permitting witnesses to testify that the strip of ground in question had been used for many years by the public as a pass way. The argument is that the use by the public would not give to appellee the right to place its poles on the property, and to trim the trees. That may be true, but the real issue in the case is whether there was a dedication of the strip in controversy for street purposes, and the fact that for a long period of time it was generally used by the public for such purpose is a circumstance tending to show not only the original dedication but the acceptance thereof by the public.

On the whole we find no error in the record prejudicial to appellant's substantial rights.

Judgment affirmed.